

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable O.C. Fisher
District Attorney District No. 51
San Angelo, Texas

Dear Sir:

Opinion No. O-4988
Re: Special auditor under Article 1646a
V.A.C.S., appointed by District
Judge upon request of Grand Jury may
make audit of county's affairs and
related matters.

     Your request for opinion has been received and carefully
consideredby this department. We quote from your request as follows:

     "I am requesting an opinion in reference to
the following situation:

     "In March, 1941, in pursuance of Article 1646a
of the Revised Civil Statutes of Texas, a grand jury
of Irion County passed a resolution ordering and
directing that an audit be made of the county finances
of Irion County. The last paragraph of said resolution
was as follows:

     "'Wherefore, in accordance with this re-
port, request is made, and it is here ordered,
that such audit be made by some Certified Public
Accountant, to be named by your Honor, duly
qualified to make such audit.'

     "The District Judge forthwith appointed Jake Freeze,
a certified public accountant of San Angelo, to make the
audit. Mr. Freeze, however, postponed the undertaking
because he was unable to secure a satisfactory agreement
with the Commissioners' Court in reference to the pay that
he would eventually receive for his efforts. I am now
requested to secure an opinion from your Department as
to whether Mr. Freeze would be authorized to proceed at
this time in pursuance of said action of the grand jury
and of the District Judge and make the audit. I under-
stand that private citizens of Irion County have arranged
to pay him, and have thereby eliminated the obstacle
which prevented him from proceeding originally.

     "This would seem to involve a construction of the
above quoted article and pertains to the question of the
elapse of time since the action of the grand jury. I
find no decisions by the courts that throw any light on
the subject

". . . . . . ."

Irion County, Texas, has a population of less than 25,000 inhabitants according to the last preceding Federal Census of 1940.

Article 1646a, Vernon's Annotated Texas Civil Statutes, provides as follows:

"County auditors. The Commissioners' Court of any county under twenty-five thousand population according to the last United States census may make an arrangement or agreement with one or more other counties whereby all counties, parties to the arrangement, may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1645 and 1646. The county commissioners' court of every county affected by this article may have an audit made of all the books of the county, or any of them, at any time may desire whether such arrangements can be made with other counties or not; provided the district judge or grand jury may order said audit if either so desires." (Acts 1925, p. 220.) (36th Leg. ch. 67, s 1). (Underscoring ours).

Construing the above quoted statute we held in opinion No. O-1137 of this department that such statute authorized an audit of county affairs and finances in a county under 25,000 population upon an order of district judge or grand jury regardless of whether or not such audit was desired by the commissioners' court. A copy of this opinion is enclosed herewith for your information.

The purse strings of the county are held by the commissioners court and they ordinarily would pay for the services of a special auditor appointed under Article 1646a, supra. Article 1641, V.A.C.S., also provides that the commissioners' court may employ a special auditor and sets out a method of contracting with and compensating such auditor. However, there may be times when the commissioners' court may not desire the appointment of a special auditor because of either the expense involved or other reasons. The Legislature wisely provided for an audit by a special auditor upon the order of either the grand jury or district judge. We do not here pass on the question as to whether a special auditor could recover judgment against the county for his services on a quantum meruit basis where he brought suit on a claim rejected by the commissioners' court for making an audit of the fiscal affairs of the county ordered by the grand jury or district judge under Article 1646a, supra, as that question is not asked in your request. Nor do we pass on the legality of the special auditor receiving pay from private citizens for his audit as that question is not asked in your request.

It is our opinion that the orders of the grand jury and district judge for the audit and appointment of the auditor are not invalid for lapse of time assuming that such orders have not been revoked and are still outstanding. However, as a practical matter, the special auditor could become fortified in his position if he could secure a new and fresh order from the district judge calling for the audit.

Trusting that this satisfactorily answers your inquiry,
we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:mp:wc
Encl.

APPROVED JAN 9, 1945
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/GWB Chairman